**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-7325**

───────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

RONALD LEE MABINE,

　　　　　Defendant – Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:14-cr-00133-HCM-TEM-1; 2:16-cv-00262-HCM)

───────────

Submitted:  February 16, 2023　　　　　　　　　　　Decided:  March 24, 2023

───────────

Before Timothy M. TYMKOVICH, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation, Eugene E. SILER, Jr., Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation, and Theodore A. MCKEE, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.[1]

───────────

Dismissed by unpublished per curiam opinion.

───────────

[1] As all members of the United States Court of Appeals for the Fourth Circuit are recused in this case, a panel of judges from outside the Circuit was appointed by the Chief Justice for this appeal pursuant to 28 U.S.C. §§ 291, 294 (2018).

Ronald Lee Mabine, Appellant Pro Se.  Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Lee Mabine seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 motion and denying reconsideration. His motion alleged constitutionally ineffective trial counsel. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). We will not issue a certificate of appealability without "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Following a jury trial, Mabine was convicted of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e). He now argues his trial counsel was constitutionally ineffective. He must show not only that counsel was constitutionally deficient, but that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "strongly" presume counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable

3

professional judgment." *Id.* at 690. For the following reasons, Mabine's counsel was not constitutionally ineffective, and we deny his request for a certificate of appealability.[2]

First, Mabine asserts trial counsel was ineffective for failing to impeach an eyewitness based on her prior inconsistent statements about the color of the robber's pants—she originally said they were black but testified at trial that they were grey. Police found grey sweatpants in the same dumpster where they found Mabine after the robbery. Counsel deemed this discrepancy immaterial given the witness's otherwise consistent testimony and the other evidence in this case. Counsel's strategic choice at trial is entitled to deference and does not support an ineffective assistance of counsel claim.

Second, Mabine contends counsel failed to call a favorable witness, who supposedly would have testified that Mabine collected scrap metal in the dumpster behind the robbery location, which explains why police found him there immediately after the robbery. But that testimony would not have explained why Mabine was found with a firearm, cash from the robbery, and the robber's clothing, and was quickly identified as the robber by an eyewitness.

Third, Mabine argues counsel failed to investigate a detective's alleged witness coaching during trial. But in an affidavit submitted below, trial counsel stated that he

---

[2] Although we could dispense with some of Mabine's arguments based on insufficient preservation, we choose to address their merits.

4

did not believe the allegation was credible. Because Mabine has not provided additional evidence that counsel should have found the allegation credible, he has not rebutted the presumption that counsel acted reasonably.

Finally, Mabine asserts counsel improperly advised him to stipulate to the interstate-commerce element of the felon-in-possession charge. But he offers no compelling rationale for why the government would not have proven this element without his stipulation.

In sum, Mabine has not shown that reasonable jurists could disagree over whether his counsel was constitutionally ineffective. Because Mabine has not made the requisite showing on his claim, we deny a certificate of appealability and dismiss the appeal. We also deny Mabine's motions to supplement the record on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decision-making process.

*DISMISSED*